IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEMAN K. WYATT                                           PLAINTIFF


        v.                          CIVIL NO. 18-3026


NANCY A. BERRYHILL, Commissioner
Social Security Administration                          DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Leman K. Wyatt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for child disability insurance benefits (CDIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for CDIB and SSI on November 19, 2015, alleging an inability to work since January 1, 2011,[1] due to back pain, posttraumatic stress disorder, scoliosis, anxiety, depression, and a chemical imbalance. (Tr. 96, 256, 262). An administrative hearing was held on February 10, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 47-92).

---

[1] Plaintiff amended his alleged onset date to November 26, 2014, the date of his eighteenth birthday. (Tr. 15, 50).

By written decision dated June 15, 2017 , the ALJ found Plaintiff had not attained the age of 22 as of the amended alleged onset date. (Tr. 17).  The ALJ found Plaintiff had engaged in substantial gainful activity during the period of April 2015.  (Tr. 17).  The ALJ found there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  (Tr. 18). The ALJ found Plaintiff had the following severe impairments: mild thoracic scoliosis; mild lumbar degenerative disc disease; chronic pain syndrome; a seizure disorder; posttraumatic stress disorder; generalized anxiety disorder; major depressive disorder recurrent moderate; and uncomplicated bereavement.  (Tr. 18). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 18 ).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no hazards such as unprotected heights or moving machinery; no climbing ladders, ropes, or scaffolds; occasionally stoop, kneel, and crouch; never crawl; can understand, remember, carry out simple and routine instructions and tasks; can regulate emotions, control behavior, and maintain wellbeing in a work setting with simple tasks and instructions as long as there are no fast paced production requirements so no production rate pace work such as assembly line work; can learn, recall, and use simple instructions and tasks that involve simple work related decisions with few, if any workplace changes or changes in routine; jobs that involve working with the same types of things on a day to day basis; and can interact frequently with supervisors and occasionally with coworkers, but interaction with the public should be only incidental to the work performed; should work with things rather than people.

(Tr. 19).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a battery inspector, a shipping weigher and a cooling machine operator.  (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 19, 2018.  (Tr. 1-6).  Subsequently, Plaintiff filed this

action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 21st day of May 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE